IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **TIMOTHY BLAKEMAN**<br>**Plaintiff,**<br><br>v.<br><br>**CHEADLE LAW & JOHN R. CHEADLE, JR.**<br>**Defendants,** | )<br>)<br>)<br>) No.<br>)<br>)<br>) |

**JURY TRIAL DEMANDED**

**VERIFIED COMPLAINT**

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under **28 U.S.C. § 1331**, and pursuant to **15 U.S.C. § 1692k (d)**.

2. This action arises out of violations of the **Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq**. ("FDCPA") by all Defendants, in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

**PARTIES**

4. Plaintiff, Timothy Blakeman (hereinafter referred to as "Plaintiff"), is a natural person who resides in Davidson County, Tennessee and is a "consumer" as that term is defined by **15 U.S.C. § 1692a (3)**.

5. Defendant Cheadle Law, (hereinafter "Defendant Cheadle Law") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6), and a law firm organized in Tennessee, with a principal place of business of 2404 Crestmoor Road, Nashville, Tennessee, 37215.

6. Defendant John R. Cheadle, Jr.. (hereinafter "Defendant John Cheadle") is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), is an attorney and a natural person, who has a practice address of 2404 Crestmoor Road, Nashville, Tennessee, 37215.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a (5)**, namely, a consumer loan originally owed to, or serviced by, Harpeth Financial Services, LLC d/b/a Advance Financial. (Hereinafter "Harpeth Financial").

8. Sometime prior to August 11, 2015 Plaintiff's alleged debt was consigned, sold or otherwise transferred to Defendants for collection from the Plaintiff.

### *Collection Lawsuit after the account was listed in Chapter 7 Bankruptcy*

9. Within one (1) year prior to the filing of this Complaint, on or about September 15, 2015 Defendants filed a Civil Warrant and Affidavit against the Plaintiff in General Sessions Court of Davidson County (collectively the "collection lawsuit"). *See Exhibit 1.*

10. The Civil Warrant was filed and served on the Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as defined by **15 U.S.C. 1692a(2)**.

11. On or about August 11, 2015, Plaintiff retained Counsel Stephanie Lynn Simmons and filed Chapter 7 Bankruptcy (3:15-bk-05515). This account was listed in the bankruptcy petition and was under the Automatic Stay. On September 28, 2015, a fax was sent by Attorney Simmons

to advise Defendant John Cheadle and Defendant Cheadle Law informing them that this account was listed in the bankruptcy. *See Exhibit 2.*

12. The filing of a collection lawsuit is a collection activity.

13. On November 18, 2015, a judgment was entered against the Plaintiff and sent for judgment processing on November 20, 2015. *See Exhibit 3.*

14. On November 24, 2015 a letter was sent directly to the Plaintiff, ignoring the notification that Attorney Simmons was the attorney of record in this matter and that the client had listed the account in bankruptcy. *See Exhibit 4.*

15. The FDCPA states:

    Without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

    (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable amount of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.
    *15 U.S.C. §1692c(a)*

16. Defendants failed to contact Plaintiff's bankruptcy attorney to inquire about any aspect of this debt, nor to inquire about her representation with respect to the debt, or to provide the Plaintiff's bankruptcy attorney an opportunity to respond within a reasonable time frame.

17. Plaintiff's bankruptcy attorney never consented to direct communication with the Plaintiff in connection with the collection of this debt.

18. Despite having actual knowledge that that an attorney represented Plaintiff with respect to the debt and that the account had been listed in the Plaintiff's Chapter 7 petition by the facsimile sent to the Defendants, the Defendants continued to contact the Plaintiff directly in violation of 15 U.S.C. § 1692c(a)(2).

## *Illegal Debt Collection, and Collection Service Conduct by Defendant Caused Plaintiff to Suffer Actual Damages*

19. That the above-detailed conduct by all Defendants, of harassment, abuse, false, misleading, unfair and deceptive acts and/or practices in illegally attempting to collect a debt from the Plaintiff in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, all of the above mentioned provisions of the FDCPA and a revelation of private financial data to third parties.

20. That Plaintiff has suffered actual damages as a result of these illegal communications and collection attempts by all Defendants in the form of attorney's fees, costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

21. That Plaintiff is informed, believes, and therefore alleges that all Defendants knowingly and intentionally engaged in harassing, abusive, false, misleading, unfair, deceptive and illegal debt collection.

## *Summary*

22. The attempt to collect. This debt which had been listed properly in the Plaintiff's bankruptcy proceeding through the use of a civil lawsuit is an unfair and deceptive practice, an invasion

of privacy, and a violation of numerous and multiple provision of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION
## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of each Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, **15 U.S.C. § 1692 et seq**.

26. As a result of all Defendants' violations of the FDCPA, Plaintiff has suffered out of pocket expenses and therefore is entitled to actual damages pursuant to **15 U.S.C. § 1692k (a)(1)**, in an amount to be determined at trial by a jury; statutory damages pursuant to **15 U.S.C. § 1692k(a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00); and reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k(a)(3)** from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*
### *15 U.S.C. § 1692 et seq*

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

- For an award of actual and compensatory damages against all Defendants for Plaintiff's emotional distress suffered as a result of the FDCPA violations to be determined at trial; and,

- For such other and further relief as may be just and proper.

Respectfully submitted on behalf of,

Dated   November 7, 2016                **TIMOTHY BLAKEMAN**

*/s/ William M. Kaludis*
William M. Kaludis, Atty.
SHIELD LAW GROUP
BPR #017433
1230 2nd Ave. S.
Nashville, TN 37210-4110
Phone: (615) 742-8020
Fax: (615) 255-6037
bill@shieldlawgroup.com